UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

Fernando J. Lopez
and other similarly
situated individuals,

    Plaintiff(s),

v.

Umana Construction LLC, and
Ervin Umana, individually,

    Defendants,
_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Fernando J. Lopez and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants Umana Construction LLC and Ervin Umana, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid regular and overtime wages under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act"), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§1332 and 1367.

2. Plaintiff Fernando J. Lopez is a resident of Palm Beach County, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Umana Construction LLC (from now on Umana Construction, or Defendant) is a Florida Corporation doing business in Palm Beach County within this Honorable Court Jurisdiction. Defendant was and is engaged in interstate commerce.

4. The individual Defendant Ervin Umana was and is now the owner/partner/officer and manager of Defendant corporation Umana Construction. This individual Defendant was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this Complaint took place in Palm Beach County, Florida, within this Court's jurisdiction.

## General Allegations

6. This cause of action is brought by Plaintiff Fernando J. Lopez as a collective action to recover from Defendants regular and overtime compensation, retaliatory and liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after June 2021, (the "material time") without being adequately compensated.

7. Defendant Umana Construction is a construction and roofing general contractor specializing in commercial and residential roof installations, maintenance, and repairs.

8. Defendant Umana Construction was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a construction and roofing company that provides services to commercial and residential clients. Defendant had more than two employees recurrently engaged in commerce or the

production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the combined annual gross revenue of the Employer/Defendant was at all times in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

9. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated, through their daily activities, participated in interstate commerce by providing services to clients engaged in interstate commerce. In addition, Plaintiff regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

10. Defendant Umana Construction and Ervin Umana employed Plaintiff Fernando J. Lopez as a non-exempted, full-time roof installer for two periods. In the first period, Plaintiff was employed by Defendants from approximately June 01, 2022, to December 31, 2022, or 30 weeks. In the second period, Plaintiff worked for Defendants from approximately June 01, 2022, to September 30, 2022, or 17 weeks. Plaintiff worked for Defendants for a total of 47 weeks.

11. Defendants paid Plaintiff a daily wage rate of $180.00 in his two periods of employment.

12. While employed by Defendants, in his two periods of employment, Plaintiff worked a regular schedule of six days weekly, from Monday to Saturday, from 6:00 AM to 6:00 PM (12 hours daily), or a total of 72 hours weekly.

13. Plaintiff worked under the supervision of manager Ervin Umana,

14. During the relevant period, Plaintiff performed as a roofer, and he was paid a daily rate of $180.00.

15. Plaintiff was paid weekly his daily rate, regardless of the number of hours worked every week, but he was not paid for overtime hours, as required by law.

16. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

17. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

18. Plaintiff was paid in cash, without paystubs providing accurate information such as the number of days and hours worked and wage rate.

19. Plaintiff was not in agreement with his extended working hours and the lack of payment for overtime hours.

20. Furthermore, during his second period of employment, Plaintiff worked six days, but he was paid for only four days.

21. Plaintiff complained several times to his manager Ervin Umana about unpaid daily wages and unpaid overtime hours.

22. On or about September 30, 2022, Plaintiff complained about the lack of payment for regular hours and overtime hours. Plaintiff was forced to leave his employment because he was not receiving payment for the six days worked as agreed.

23. At the time of Plaintiff's leave, Defendants refused to pay Plaintiff his last weeks of work.

24. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

25. At times mentioned, individual Defendant Ervin Umana was, and is now, the owner/partner/manager of Umana Construction. Defendant Ervin Umana was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Umana Construction and Umana Construction's interests concerning its employees, including Plaintiff and others similarly situated. Defendant Ervin Umana had financial and operational control of the business determining Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

26. Plaintiff Fernando J. Lopez seeks to recover unpaid regular and overtime wages for every hour worked over 40 during his entire employment, retaliatory damages, liquidated damages, and any other relief as allowable by law.

Collective Action Allegations

27. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq*. ("the Act"). Section 216 (b) for jurisdictional placement).

28. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every regular and overtime hour worked at the rate of time and one-half their regular rate.

29. This action is intended to include every construction employee and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

30. Plaintiff Fernando J. Lopez re-adopts every factual allegation stated in paragraphs 1-29 above as if set out in full herein.

31. Defendant Umana Construction and Ervin Umana employed Plaintiff Fernando J. Lopez as a non-exempted, full-time roof installer for two periods. In the first period, Plaintiff was employed by Defendants from approximately June 01, 2022, to December 31, 2022, or 30 weeks. In the second period, Plaintiff worked for Defendants from approximately June 01, 2022, to September 30, 2022, or 17 weeks. Plaintiff worked for Defendants for a total of 47 weeks.

32. Defendants paid Plaintiff a daily wage rate of $180.00 in his two periods of employment.

33. While employed by Defendants, Plaintiff always worked a regular schedule of six days weekly, from Monday to Saturday, from 6:00 AM to 6:00 PM (12 hours daily), or a total of 72 hours weekly.

34. During the relevant period, Plaintiff performed as a roofer, and he was paid a daily rate of $180.00.

35. Plaintiff was paid weekly his daily rate, regardless of the number of hours worked every week, but he was not paid for overtime hours, as required by law.

36. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

37. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

38. Plaintiff was paid in cash, without paystubs providing accurate information such as the number of days and hours worked and wage rate.

39. Plaintiff was forced to leave his employment because he was not receiving fair compensation for hours worked.

40. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

41. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

42. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

43. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good-faith estimate based on his recollections and his knowledge. After discovery, Plaintiff will amend his statement of claim.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

       Eleven Thousand Two Hundred Eighty Dollars and 00/100 ($11,280.00)

    b. <u>Calculation of such wages</u>:

       Total period of employment: 47 weeks
       Relevant weeks of employment: 47 weeks

Daily rate: $180.00 per day.

**1.- Overtime from June 01, 2021, to December 31, 2021, or 30 weeks**

Relevant weeks: 30 weeks
Total hours worked: 72 hours weekly
O/T unpaid hours: 32 O/T hours
Daily rate: $180.00 x 6 days = $1,080.00
Paid: $1,080.00: 72 hours=$15.00 an hour x 1.5=$22.50
O/T rate: $22.50- $15.00 O/T rate paid=$7.50 half-time difference
Half-time: $7.50

$7.50 x 32 O/T hours=$240.00 weekly x 30 weeks=$7,200.00

**2.- Overtime from June 01, 2022, to September 30, 2022, or 17 weeks**

Relevant weeks: 17 weeks
Total hours worked: 72 hours weekly
O/T unpaid hours: 32 O/T hours
Daily rate: $180.00 x 6 days = $1,080.00
Paid: $1,080.00: 72 hours=$15.00 an hour x 1.5=$22.50
O/T rate: $22.50- $15.00 O/T rate paid=$7.50 half-time difference
Half-time: $7.50

$7.50 x 32 O/T hours=$240.00 weekly x 17 weeks=$4,080.00

Total #1 and #2: $11,280.00

c. <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid half-time overtime wages.[1]

44. At all times, material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

45. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

46. Defendants Umana Construction and Ervin Umana willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

47. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action, and he is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Fernando J. Lopez and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Fernando J. Lopez and other similarly situated individuals and against the Defendants Umana Construction and Ervin Umana based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Fernando J. Lopez actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Fernando J. Lopez demands a trial by a jury of all issues triable as of right by a jury.

**<u>COUNT II:</u>**
**<u>F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS</u>**

48. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-29 of this Complaint as if set out in full herein.

49. This action is brought by Plaintiff to recover from the Employers unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day, and

(C) $7.25 an hour, beginning 24 months after that 60th day.

50. Defendant Umana Construction and Ervin Umana employed Plaintiff Fernando J. Lopez as a non-exempted, full-time roof installer for two periods. In the first period, Plaintiff was employed by Defendants from approximately June 01, 2022, to December 31, 2022, or 30 weeks. In the second period, Plaintiff worked for Defendants from approximately June 01,

2022, to September 30, 2022, or 17 weeks. Plaintiff worked for Defendants for a total of 47 weeks.

51. Defendants paid Plaintiff a daily wage rate of $180.00 in his two periods of employment.

52. While employed by Defendants, in his two periods of employment, Plaintiff worked the same regular schedule of six days weekly, from Monday to Saturday, from 6:00 AM to 6:00 PM (12 hours daily), or a total of 72 hours weekly.

53. Plaintiff was paid weekly his daily rate, regardless of the number of hours worked every week, but he was not paid for overtime hours, as required by law.

54. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

55. Plaintiff was paid in cash, without paystubs providing accurate information such as the number of days and hours worked and wage rate.

56. Plaintiff was forced to leave his employment because he was not receiving his daily rate for two days every week.

57. At the time of his resignation, Defendants refused to pay Plaintiff for his last week of work.

58. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

59. There is a substantial number of hours that were not compensated at any rate, not even the minimum wage rate established by the FLSA.

60. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

61. Plaintiff was paid in cash, without paystubs providing accurate information such as the number of days and hours worked and wage rate.

62. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees.

63. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

64. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

65. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid wages</u>:

      Seven Hundred Twenty Dollars and 00/100 ($720.00)

   b. <u>Calculation of such wages</u>:

      Total period of employment: 47 weeks
      Total number of unpaid weeks: 1 week
      Total number of unpaid hours: 72 hours weekly
      Fl Minimum wage 2022: $10.00

      $10.00 x 72 hours=$720.00 for one week

   c. <u>Nature of wages</u>:

This amount represents regular unpaid wages at the Florida minimum wage rate.[2]

66. Defendants Umana Construction and Ervin Umana unlawfully failed to pay minimum wages to Plaintiff.

67. Defendants knew and showed reckless disregard for the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages.

68. Defendants Umana Construction and Ervin Umana willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages as set forth above.

69. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Fernando J. Lopez respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants Umana Construction and Ervin Umana based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

---

[2] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

   D. Award Plaintiff reasonable attorney's fees and costs of suit; and

   E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Demand for a Jury Trial

Plaintiff Fernando J. Lopez and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

**COUNT III**
**UNPAID WAGES (COMMON LAW) – 448.08**
**AGAINST ALL DEFENDANTS**

70. Plaintiff Fernando J. Lopez re-adopts every factual allegation as stated in paragraphs 1-26 above as if set out in full herein.

71. At all times material hereto, Plaintiff was an employee of the Corporate Defendants Umana Construction and Ervin Umana.

72. Defendants Umana Construction and Ervin Umana employed Plaintiff Fernando J. Lopez as a full-time, non-exempted roof installer for two periods.

73. In the first period, Plaintiff was employed by Defendants from approximately June 01, 2022, to December 31, 2022, or 30 weeks. In the second period, Plaintiff worked for Defendants from approximately June 01, 2022, to September 30, 2022, or 17 weeks. Plaintiff worked for Defendants for a total of 47 weeks.

74. At the time of his hiring, in his two periods of employment, Defendants offered Plaintiff as compensation for his work a daily rate of $180.00.

75. Plaintiff always worked a regular schedule of six days weekly, from Monday to Saturday, from 6:00 AM to 6:00 PM (12 hours daily), or a total of 72 hours weekly.

76. However, During his second period of employment, or for 17 weeks, Plaintiff worked six days per week, but he was paid for only four days. Plaintiff was supposed to be paid $1,080.00 weekly. Instead, Plaintiff was paid only $720.00 ($180.00 x 4=$720.00).

77. Plaintiff did not clock in and out, but Defendants were in complete control of Plaintiff's schedule, and they knew that Plaintiff was working six days per week.

78. Plaintiff worked regularly and consistently for a total of 6 days with 72 hours every week. However, Plaintiff did not receive any compensation for two days of work.

79. Therefore, Plaintiff was not paid for the full value of his work and services, as promised and required by law.

80. Plaintiff complained to the owner of the business Ervin Umana about the deduction of the two days of work, but Defendants did not correct the problem.

81. On or about September 30, 2022, Plaintiff was forced to leave his employment because of unfair working conditions.

82. Defendants Umana Construction and Ervin Umana failed to pay Plaintiff Fernando J. Lopez wages for the total amount of One Hundred Twenty and 00/100 ($6,120.00), corresponding to 2 days of work during 17 weeks (Daily rate $180.00 x 2 days=$360.00 weekly x 17 weeks=$6,120.00).

83. This is an action in common law.

84. Plaintiff Fernando J. Lopez has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorney's fees and costs.

## Prayer for Relief

Wherefore, Plaintiff Fernando J. Lopez respectfully requests that this Honorable Court enter a judgment against Defendants Umana Construction and Ervin Umana that :

    A. Award the Plaintiff Fernando J. Lopez unpaid wages found to be due and owing;

    B. Award the Plaintiff prejudgment interest;

    C. Award the Plaintiff reasonable attorney's fee and costs pursuant to Fla. Stat. § 448.08; and

    D. Order such other relief as this Court deems just and equitable.

Demand for a Jury Trial

Plaintiff Fernando J. Lopez and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

<b><u>COUNT IV:<br>BREACH OF EMPLOYMENT CONTRACT<br>AGAINST ALL DEFENDANTS</u></b>

85. Plaintiff re-states and re-alleges paragraphs 1 through 1-26 as if set forth in full herein.

86. On or about June 01, 2022, Plaintiff Fernando J. Lopez and Defendants Umana Construction and Ervin Umana entered into a contract (hereinafter the "Employment Contract") by which Plaintiff agreed to serve Defendant as a full-time, non-exempted roof installer.

87. Defendants entered into an employment contract with Plaintiff Fernando J. Lopez by agreeing to pay Plaintiff for the full value of his work and services.

88. At the time of his hiring, Defendants offered Plaintiff as compensation for his work a daily rate of $180.00, with six working days, or $1,080.00 per week.

89. Plaintiff worked for Defendants from June 01, 2022, to September 30, 2022, or 17 weeks.

90. During his employment with Defendant, Plaintiff was assigned an official schedule. Plaintiff worked six days per week, from 6:00 AM to 6:00 PM (12 hours daily), or 72 hours weekly.

91. Plaintiff was unable to take bonafide lunchtime.

92. However, every week Defendants paid Plaintiff only four days of work. Defendant improperly deducted from Plaintiff's wages two working days.

93. Plaintiff did not clock in and out, but Defendants were in complete control of Plaintiff's schedule, and they knew that Plaintiff was working a minimum of 6 days with 72 hours without lunchtime.

94. Consequently, while employed by Defendants, Plaintiff worked regularly and consistently a total of 6 days with 72 hours weekly, but Defendants paid Plaintiff only four days. Thus, Plaintiff was not paid for the full value of his work and services as agreed in the contract.

95. Plaintiff complained to the owner of the business about the two unpaid days many times. But Defendants did not fix the problem.

96. On or about September 30, 2022, Plaintiff was forced to leave his employment because of unfair working conditions.

97. There is a substantial number of working hours that were not compensated at any rate, according to the contract.

98. At all times during her employment, Plaintiff fulfilled his obligations under the contractual agreement entered into with Defendants. Plaintiff performed and excelled at the essential functions of his position.

99. However, Defendants Umana Construction and Ervin Umana breached their contract with Plaintiff by failing to pay Plaintiff wages for the entire period of employment.

100.    Plaintiff was not paid as promised and outlined in their contractual agreement.

101.    Defendants Umana Construction and Ervin Umana breached their contract by failing to pay Plaintiff Fernando J. Lopez wages for the total amount of One Hundred

  Twenty and 00/100 ($6,120.00), corresponding to 2 days of work during 17 weeks (Daily rate $180.00 x 2 days=$360.00 weekly x 17 weeks=$6,120.00).

102. As a result of the Defendants' breach, Plaintiff Fernando J. Lopez has suffered actual, consequential, and incidental damages.

103. Defendants' conduct is in breach of the employment contract, and the good faith and fair dealing found in every contract, including the contract entered into between Plaintiff Fernando J. Lopez and Defendants Umana Construction and Ervin Umana.

104. Plaintiff Fernando J. Lopez is entitled to damages as a result of Defendant's breach of contract, as further stated above.

105. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorney's fees.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Fernando J. Lopez respectfully requests that this Honorable Court enter a judgment against Defendants Umana Construction and Ervin Umana that :

 A. Award the Plaintiff Fernando J. Lopez unpaid wages found to be due and owing;

 B. Award the Plaintiff prejudgment interest;

 C. Award the Plaintiff reasonable attorney's fee and costs pursuant to Fla. Stat. § 448.08; and

 D. Order such other relief as this Court deems just and equitable.

<u>Demand for a Jury Trial</u>

Plaintiff Fernando J. Lopez demands trial by a jury of all issues triable as a right by a jury.

Date: January 30, 2023

Respectfully submitted,

By: __/s/ **Zandro E. Palma**__
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*