UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:23-cv-80177-RLR

Fernando J. Lopez
and other similarly
situated individuals,

    Plaintiff(s),

v.

Umana Construction LLC, and
Ervin Umana, individually,
_____/

## PLAINTIFF'S MOTION FOR DEFAULT
## JUDGMENT AGAINST ALL DEFENDANTS

Plaintiff, Fernando J. Lopez, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure a 55 (b)(2) and the Inherent Powers of the Court, hereby moves for entry of Default Judgment against the Defendants Umana Construction LLC and Ervin Umana, individually and states as follows:

1. On or about January 30, 2023, Plaintiff brought the above titled action against the Defendants, Umana Construction LLC and Ervin Umana, to recover regular wages, overtime compensation, lost wages, retaliation damages and the costs of reasonably attorney's fees under the laws of the United States, Fair Labor Standards Act, 29 U.S.C. §201 et. seq. ("the FLSA") [D.E. 1].

2. On or about February 21, 2023, Returns of Service were executed for Defendants Umana Construction LLC, and Ervin Umana; Proofs of Service should appear in the Court file [DE 6 & 7].

3. Accordingly, Defendants answers were due on or before March 14, 2023. However, Defendants have completely failed to respond to the complaint.

4. Up to this date, Defendants have failed to respond to the complaint.

5. "[T]he rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by a counsel." Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985).

6. When a corporate defendant has failed to obtain counsel, then that failure is a failure to "defend" under Fed. R. Civ. P. 55(a). *see Lehman Bros. Holdings, Inc. v. Key Fin. Corp.,* No. 8:09- CV-623-T-17EAJ (M.D. Fla. May 2, 2011) (Order Granting Plaintiff's Motion for Entry of Default).

7. The Defendant, Umana Construction LLC cannot defend itself. *see Palazzo v. Gulf Oil Corp., 764* F.2d 1381 (11th Cir. *1985).*

8. A Clerk's Default [D.E. 11] was entered on March 27, 2023 against Defendants Umana Construction LLC, and Ervin Umana.

9. The FLSA requires covered employers to pay non-exempt employees engaged in commerce or in the production of goods for commerce or employed in an enterprise engaged in commerce a minimum wage of not less than statutorily prescribed amounts.

10. In addition, Section 7 of the FLSA, 29 U.S.C.A. §207, generally requires that hourly paid employees receive compensation equal to one and one-half their regular rate when they work more than 40 hours in a workweek. The Department of Labor provides extensive detail on how such overtime is to be paid. *See generally*, 29 C.F.R. §§ 778.200 et seq., 778.300 et seq.; *Featsent v. City of Youngstown*, 70 F.3d 900 (6th Cir. 1995). "[T]he overtime rate may not be less than one and one-half times the bona fide rate established

in good faith for like work performed during non-overtime hours." 29 C.F.R. § 778.308(b).

11. Section 216(b) provides that employers who violate §206 and/or §207 of the FLSA shall be liable to their employees for the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and an additional equal amount in liquidated damages and attorney's fees and costs. See 29 U.S.C.A. § 216(b).

12. In addition, Section 6 of the FLSA, 29 U.S.C. § 206(a)(3), states that it shall be unlawful for any person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding . . . ."

13. In support of the damages alleged in the Complaint, the Plaintiff hereby submits evidence in the form of affidavit [Exhibit "A" –Affidavit of Amount of Indebtedness].

14. Rule 55, Federal Rules of Civil Procedure, allows for Final Default Judgment to be entered by the Clerk upon "request of the Plaintiff and upon Affidavit of the amount due" if the Defendant has been defaulted for failure to appear.

15. Defendant failed to pay Plaintiff at least $18,120.00 during the period of time in which Plaintiff was working for Defendants, which well within the statute of limitations provided for under the FLSA as a matter of law and under Florida common law and section 448.08, Florida Statutes.  Plaintiff also seeks to recover $18,120.00 in liquidated damages.

16. Additionally, Plaintiff seeks to recover attorney fees ($7,000.00) and costs ($547.00), for a total amount of $43,787.00 as judgment against Defendants.

17. Plaintiff claims judgment by default for failure of Defendants Umana Construction LLC, and Ervin Umana to file or serve any papers in the action or otherwise plead.

**MEMORANDUM OF LAW**

I. **Default Judgment Under Fed. R. Civ. P. 55(b)**

"Rule 55, Federal Rules of Civil Procedure (Rule(s)), sets forth the requirements for entry of a default judgment." *United States v. Fleming*, 114 A.F.T.R.2d 2014-5377, 2014 WL 3643517,*9 (M.D. Fla. 2014). "A default judgment may be entered 'against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue.'" Id. (quoting *Solaroll Shade and Shutter Corp., Inc. v. Bio–Energy Sys., Inc.,* 803 F.2d 1130, 1134 (11th Cir.1986)). "Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default." Broad. *Music, Inc. v. PRB Productions, Inc.*, 6:13-CV-1917-ORL-31, 2014 WL 3887509, *2 (M.D. Fla. 2014)(citing *Miller v. Paradise of Port Richey, Inc.*, 75 F.Supp.2d 1342, 1346 (M.D. Fla. 1999). "Rather, the Court determines the amount and character of damages to be awarded." *Isaula v. Chicago Rest. Group, LLC*, 13-CV-24387-JLK, 2014 WL 3477917, *1 (S.D. Fla. 2014) (quoting Miller, 75 F.Supp.2d at 1346 (M.D.Fla.1999)).

Upon considering a motion for default judgment, "a court must consider whether an evidentiary hearing on the question of damages is warranted." Fleming, supra, 114 A.F.T.R. 2d 2014-5377, 2014 WL 3643517 at *9. "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." Id. (quoting *United Artists Corp. v. Freeman*, 605 F. 2d 854, 857 (5th Cir.1979) [1] and citing *SEC v. Smyth*, 420 F. 3d 1225, 1231–32 (11th Cir. 2005). "However, where the essential evidence regarding damages is before the Court, such a hearing may be

unnecessary." Id. (citing Smyth, 420 F. 3d at 1232 n. 13). *See also* Broad. Music, 2014 WL 3887509 at *2.

Moreover, "[a] default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact, and bars the defendant from contesting those facts on appeal." *Massachusetts Mut. Life Ins. Co. v. Hunter*, 8:12-CV-1628-T-33AEP, 2012 WL 6094122, *1 (M.D. Fla. 2012) (citing *Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975)).

## Statutory Basis for Claims

### A. F.L.S.A Overtime and Minimum Wages

The provision of the FLSA applicable to this case include section(s) 29 U.S.C. §§ 201-215. Under the FLSA, Plaintiff is entitled to be paid for each hour that Plaintiff worked for Defendants at the correct rate of pay. The underlying complaint alleges that Defendant willfully and/or knowingly violated the FLSA with respect to Plaintiff by failing to pay overtime wages properly under the law (Count I). Moreover, Plaintiff was not paid for his last week of work, not even at the minimum wage rate required by law (Count II).

Plaintiff worked for Defendants for two periods. In the first period, he was employed by Defendants from approximately June 01, 2022, to December 31, 2022, or 30 weeks. In the second period, Plaintiff worked for Defendants from approximately June 01, 2022, to September 30, 2022, or 17 weeks (for a total of 47 weeks). Plaintiff worked more than 40 hours bust was paid daily a daily rate. Plaintiff is owed $11,280.00 in overtime, plus $720.00 in minimum wages for his last week of work (these are wages for work that Plaintiff performed on

Defendants' behalf for which Defendants did not properly pay Plaintiff), plus $12,000.00 in liquidated damages.

### B. State Law Claim for Unpaid Wages, In the alternative, unpaid wages under Breach of Contract

Courts treat claims under § 448.08, Florida Statutes, as claims for unpaid wages under Florida common law. See, e.g., *Mussett v. One Touch Direct. LLC*, No. 8:15-CV-2757-T-24TBM, 2016 WL 153228 at *2 (M.D. Fla. 2016). Under Florida common law, Plaintiff is entitled to full compensation of his unpaid wages. The term "unpaid wages" is construed broadly under Florida common law. "[The t]erm should be broadly defined and includes not only periodic monetary earnings but all compensation for services rendered without regard to manner in which such compensation is computed . . . . Broadly read, this definition embraces salaries, commissions, bonuses, vacation pay, and severance pay." *Elder v. Islam*, 869 So. 2d 600 (Fla. 5th DCA 2004) (emphasis added). "Florida courts have addressed several types of compensation other than salary and found them to be "unpaid wages" within the meaning of the statute." Id.; see D.G.D., Inc. v. Berkowitz, 605 So. 2d 496 (Fla. 3d DCA 1992) (unpaid commissions); *Woods v. United Indus. Corp.*, 596 So. 2d 801 (Fla. 1st DCA 1992) (unpaid severance). Plaintiffs are entitled to their full amount of wages in damages regardless of the manner and structure of the payment under Florida common law and § 448. See, e.g., C*opley v. Debt Advisory Grp., Inc.*, No. 6:10-cv-263-Orl19KRS, 2010 WL 11626625, at *2 (M.D. Fla. May 12, 2010) (awarding the plaintiff damages under the FLSA, liquidated damages under the FLSA, and an additional amount under Florida law equal to the difference between the applicable minimum wage and the plaintiff's regular rate of pay with the defendant). Plaintiff is

entitled to liquidated damages pursuant to § 448.110(6)(c)(1), Florida Statutes, as well as attorney's fees and costs under § 448.08 and § 448.110(6)(c)(1).

In this case, Defendants promised to pay the Plaintiff $180.00 per day for 6 days weekly. Defendants have not paid any part of such wages, despite plaintiff's repeated requests that defendants do so. During the second period, Plaintiff worked for Defendants from June 01, 2022, to September 30, 2022, or 17 weeks. Plaintiff worked six days per week, from 6:00 AM to 6:00 PM (12 hours daily), or 72 hours weekly. However, every week Defendants paid Plaintiff only four days of work instead of being paid for the 6 days worked weekly [see Affidavit of indebtedness at ¶¶ 12 and 15 Exhibit A and Complaint DE 1 ¶76]. Therefore, Plaintiff is owed $6,120.00 in unpaid wages plus $6,120.00 in liquidated damages.

Under Florida law, the elements of a breach of contract action are: "(1) a valid contract; (2) a material breach; and (3) damages." *Dorsainvil v. JM Protective Servs., Inc.*, No. 16-CV-80635, 2016 WL 11201730, at *2 (S.D. Fla. Aug. 26, 2016) (Middlebrooks, J.) (quoting Abruzzo v. Haller, [603 So.2d 1338, 1340](#) (Fla. 1st DCA 1992)). Plaintiff alleges that: (1) he had an oral employment contract with Defendant; (2) Defendant did not pay Plaintiff the amount agreed upon for his work; and (3) Plaintiff was damaged as a result of Defendant's failure to pay for the work Plaintiff performed. [see Complaint DE 1 ¶¶ 88 -96].

### **Damages**

The FLSA provides for the recovery of unpaid wages, backpay and liquidated damages as well as costs and reasonable attorney fees. 29 U.S.C.A. § 216(b). In this case, Plaintiff is owed wages for the time he worked for Defendants but was not paid by Defendants in

violation of the FLSA, as codified by 29 U.S.C. § 206-207 (Count I and II). Additionally, the FLSA provides for liquidated damages which would double the amount of the unpaid wages due and owing to Plaintiff by Defendants.

Florida common law permits actions to recover unpaid wages and broadly construes wages to include all compensation paid by an employer for the performance of service by an employee. Id. (citing *Richey v. Modular Designs. Inc*., 879 So. 2d 665 (Fla. 1st DCA 2004); *Gulf Solar, Inc. v. Westfall*, 447 So. 2d 363, 366 (Fla. 2d DCA 1984)). This also includes promised, but unpaid wages. See *Hanshaw v. Veterans & Medicaid Planning Grp., PLLC*, No. 5:17-cv-410-Oc-41PRL, 2019 WL 3854986, at *5 (M.D. Fla. Mar. 28, 2019) (finding that allegations that an employer orally promised to pay quarterly bonus to plaintiff and that plaintiff subsequently performed duties were sufficient to state a claim for unpaid wages under Florida law). In this case, Plaintiff's claim for unpaid wages in Count III is based on his assertion that he was an employee for Umana Construction and Ervin Umana and that he was not paid $1,080.00 weekly as he was promised [DE 1. Para 76]. In the alternative, Plaintiff claims unpaid wages based on the agreement with Defendant (Count IV). See *Smith v. Therapies 4 Kids, Inc.,* No. 20-61270-Civ, 2021 WL 4990610, at *5 (S.D. Fla. Aug. 23, 2021) (Dimitrouleas, J.) (finding that plaintiff's breach of contract claim under state law is premised on the theory that plaintiff and defendants entered into a contract, pursuant to which plaintiff agreed to provide services to defendant in exchange for compensation in the amount of $22.00 per hour, and that defendants breached the contract by failing to pay plaintiff compensation for all hours that she worked); *Ramos v. Alba Constr. Inc*., No. 20-cv-25192, 2021 WL 8972149, at *2 (S.D. Fla. Apr. 26, 2021) (Graham, J.) (noting that plaintiff could have recovered the total amount for his unpaid wages under a theory of breach of contract but

he raised no such claims in his complaint, and, therefore, he could only recover the unpaid minimum wages under the FLSA); *Beck v. Fin. Tech. Corp.*, No. 7:16-CV-01845, 2017 WL 5668388, at *5 (N.D. Ala. Nov. 27, 2017) (where plaintiff's claim, which was labeled as a FLSA minimum wage claim, sought compensation for unpaid wages at the rate "promised by Defendants," the court found the claim was, in substance, a breach of contract claim). *Cf. Lahens v. Le Petit Papillon Montessori Corp.*, No. 22-cv-21038, 2022 WL 4273405, at *3-4 (S.D. Fla. Sept. 15, 2022) (King, J.) (finding breach of contract claim for unpaid wages under Florida law preempted by the FLSA and rejecting plaintiff's argument that the breach of contract claim is a gap-filler because plaintiff was supposed to be paid $40 per hour and the FLSA only allows for the recovery of minimum wage rates).

## Attorney's Fees and Costs

The FLSA provides that the Plaintiff is entitled to reasonable attorney's fees and costs as a prevailing party. *See* 29 U.S.C.§216(b). Likewise, Section §448.08 of the Florida Statutes, also contains a basis for such an award.

In *Hensley v. Eckerhart,* the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." 461 U.S. 424, 433 (1983).

Plaintiff's counsel has expended a total of 17.50 hours pursuing Plaintiff's claim against Defendants. [*See* Zandro Palma's Affidavit at ¶ 16; Exhibit B]. Plaintiff is requesting a reasonably hourly rate of $400.00 for Mr. Zandro E. Palma, Esq (a total amount of $7,000.00 in attorney's fees).

Effective as of January 1st, 2021, Mr. Palma bills all cases at the rate of $400.00 per hour for the professional services that are rendered.  Prior to January 1st, 2021, his hourly rate was of

$375.00 per hour. The current hourly rate of $400.00 reflects Mr. Palma's skills and experience in litigating employment cases and is reasonable in light of the relevant legal marketplace. Moreover, the undersigned has over 17 years of experience litigating employment related matters, charges an hourly rate of $400.00. This rate has been consistently approved this by Courts in this District as well as Courts in the Southern and Northern Districts of Florida. ("Plaintiff's counsel, Mr. Zandro E. Palma, Esq., charges an hourly rate of $400.00 for litigating employment cases in both federal and state court. [27-2] at 3. The Court does not find this hourly rate excessive. See, e.g., *Toledo v. Vioss Vision, Inc*., No. 18-20309-CIV, 2019 WL 5689246, at *2-3 (S.D. Fla. Oct. 31, 2019) (finding counsel's hourly rate of $425.00 to be reasonable where the attorney had been a member of the Florida Bar for twenty years, was the founder of his law firm, and specialized in employment and labor matters)" See, *Restrepo v. Modern Roofing Experts, Inc., et al.,* Case No.: 2:21-cv-14080-KMM, [D.E. 28] (S.D. Fla. Apr. 2, 2021). "[Mr. Palma's] customary rate for new clients is $400.00 per hour. See [ECF No. 46-1 at ¶ 12]. Based on the Court's expertise and familiarity, regarding prevalent market rates for attorneys with like experience to Plaintiffs' counsel herein, the Court finds the hourly rate of $400.00 per hour reasonable under the circumstances." See, *Briseno, et al. v. Cuprys and Associates, et al*., Case No.: 2:22-cv-20139-LMR, [D.E. 47] (S.D. Fla. Jul. 22nd, 2022).

The law firm of Zandro E. Palma, P.A. has also expended $547.00 in costs in Plaintiff's case. (*See* Zandro Palma's Affidavit at ¶ 16; Exhibit B). As such, the attorney fees and costs for prosecution of Plaintiff's claims against Defendants amounts to $7,547.00 ($7,000.00 + $7,547.00).

## **Conclusion**

For the reasons set forth above, Plaintiff respectfully requests that this Court enter default judgment against Defendants with respect to the FLSA claims in the amount of $36,240.00 for Plaintiff and $7,547.00 in attorney's fees and costs; as well as post- judgment interest, and for such other relief as this Court deems just and proper.

Dated: May 17, 2023.

                                              Respectfully submitted,
                                              ZANDRO E. PALMA, ESQ.
                                              Florida Bar No.: 0024031
                                              zep@thepalmalawgroup.com
                                              ZANDRO E. PALMA, P.A.
                                              9100 South Dadeland Boulevard
                                              Suite 1500
                                              Miami, Florida 33156
                                              Telephone: (305) 446-1500
                                              Facsimile:  (305) 446-1502
                                              *Attorney for Plaintiff*

CERTIFICATE OF SERVICE

      I hereby certify that on May 17, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      By: /s/ Zandro E. Palma_____
Zandro E. Palma, Esq.
Florida Bar No.: 0024031
zep@thepalmalawgroup.com
ZANDRO E. PALMA, P.A.
9100 South Dadeland Boulevard
Suite 1500
Miami, Florida 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
*Attorney for Plaintiff*

**SERVICE LIST**
**CASE NO: 9:23-CV-80177-RLR**

Umana Construction LLC,
Through Its Registered Agent
Ervin Umana
4551 Perth Rd,
West Palm Beach, FL 33415

Ervin Umana
4551 Perth Rd,
West Palm Beach, FL 33415

Zandro E. Palma Esq.
ZANDRO E. PALMA, P.A.
9100 S. Dadeland Blvd. Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
E-mail: zep@thepalmalawgroup.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:23-cv-80177-RLR

Fernando J. Lopez
and other similarly
situated individuals,

    Plaintiff(s),

v.

Umana Construction LLC, and
Ervin Umana, individually,
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST ALL DEFENDANTS

THIS CAUSE came before the Court upon Plaintiff's Motion for Default Judgment Against Defendants Umana Construction LLC and Ervin Umana filed on May 17, 2023 [D.E. ___]:

THE COURT has considered the motion and the pertinent portions of the record, and is otherwise fully advised in the premises. A default has been entered against Defendants Umana Construction LLC and Ervin Umana for failure to answer or otherwise plead to the Summons and Complaint served by Plaintiff. Counsel for Plaintiff filed an Affidavit with the Court as to the amount due from Defendants. Accordingly, it is

**ADJUDGED** that the Motion for Default Final Judgment is **GRANTED.** Judgment is hereby entered in favor of Plaintiff Fernando J. Lopez and against Defendants Umana Construction LLC and Ervin Umana. It is further

**ADJUDGED** that Plaintiff shall recover from Defendants Umana Construction LLC and Ervin Umana compensatory damages in the amount of $36,240.00 consisting of $18,120.00 in unpaid, wages and $18,120.00 in liquidated damages; plus, attorney's fees and costs in the amount of $7,547.00; for a sum total of $43,787.00

DONE AND ORDERED in Chambers at West Palm Bech, Florida, this ___day of_____, 2023.

                                                                                       _____
                                                                                       ROBIN L. ROSENBERG
                                                                                      UNITED STATES DISTRICT JUDGE

Copies provided to:
All parties and counsel of Record